UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   O

| Case No. | CV 08-4123 ODW(AGRx) | Date | August 20, 2008 |
|---|---|---|---|
| Title | 21st Capital Corp. v. 402 Design Group, LLC, et al. | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

          Not Present                                           Not Present

**Proceedings:**    **Order Denying Plaintiff's Motion to Remand Action [14]**

      Now before the Court is Plaintiff 21st Capital Corp.'s motion to remand to the Los Angeles County Superior Court.  Plaintiff argues the action belongs in state court pursuant to the terms of a forum selection clause.

**II.    BACKGROUND**

      21st Capital Corp. ("21st Capital") is a California personal property lender.  (Jack Ford Decl. ¶ 1.)  According to Plaintiff's Complaint, 21st Capital entered into an "Accounts Receivable Factoring Agreement" with Defendant 402 Design Group, LLC ("402 Design") on March 27, 2007.  (Compl. ¶ 3.)  402 Design is a limited liability company with its membership in the State of New Jersey.  (Notice of Removal ¶ 10.)  The only member of 402 Design, Defendant Latif K. Harris ("Harris"), is likewise a citizen of New Jersey.  (Def.'s Opp'n to Mot. to Remand 3.)  Under the agreement, 402 Design assigned its accounts receivable to 21st Capital, which was personally guaranteed by Harris.  (Compl. ¶ 19.)

      Plaintiff alleges that Defendants Johnson & Johnson, and its wholly-owned subsidiary Johnson & Johnson Services, Inc. ("J & J Services"), confirmed invoices from 402 Design, and promised the amounts owed to 21st Capital instead.  (Def..'s Opp'n to Mot. to Remand 4.)  Both Johnson & Johnson and J & J Services are New Jersey corporations with their principal places of business in New Brunswick, New Jersey.  (Notice of Removal ¶ 10.)  Plaintiff further alleges that despite its repeated demands for payment, no payments have been made by Defendants.  (Compl. ¶ 8.)  Accordingly, Plaintiff seeks to collect the outstanding accounts receivable pursuant to the factoring agreement.  (Compl. ¶ 13, 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   O

| Case No. | CV 08-4123 ODW(AGRx) | Date | August 20, 2008 |
|---|---|---|---|
| Title | 21st Capital Corp. v. 402 Design Group, LLC, et al. | | |

On April 2, 2008, Plaintiff filed a complaint in Los Angeles County Superior Court. Plaintiff filed an amendment to the complaint identifying J & J Services as the first fictitiously named Doe defendant on June 13, 2008. On June 23, 2008, Defendant J & J Services, filed a timely notice of removal on the basis of diversity jurisdiction, and the instant action was removed to this Court. On July 11, 2008, Plaintiff filed a motion to remand, which is opposed.

### III.   DISCUSSION

As J & J Services correctly notes, Plaintiff "concedes that diversity jurisdiction exists, and points to no defect in the removal petition." (Def.'s Opp'n to Mot. to Remand 1) (emphasis removed). Instead, Plaintiff relies on two identical forum selection clauses purportedly agreed to by Johnson & Johnson: "The PARTIES hereby consent and submit to the exclusive jurisdiction and venue of the courts located in the County of Los Angeles, State of California regarding any cause of action arising hereunder." (Pl.'s Mot. to Remand, Ex. 1.) While J & J Services contends that it was not a party to those agreements and is not bound by the forum selection clauses, the Court need not decide that issue. Even if the forum selection clauses are valid, they do not, by their very terms, divest this Court of jurisdiction.

In *Merrell v. Renier*, the court declined to remand a case based on a forum selection clause which provided that "venue ... will reside in the United States and in the county of residence of the non-breaching party[.]" 2006 WL 1587414 at *1 (W.D.Wash. 2006). The court reasoned that the forum selection clause "contains no suggestion that a state court must hear disputes, nor that a federal court may not hear disputes." *Id.* at *2. In *First Franklin Fin. Corp. v. Mortgage Acad.., Inc.*, the court applied the *Merrell* court's reasoning to a forum selection clause requiring venue to be "in Santa Clara County, California," and held that the clause "supports venue in any court geographically located in Santa Clara County." 2006 WL 2850043 at *2 (N.D.Cal. 2006).

Similarly here, the plain language of the forum selection clauses at issue provides for jurisdiction in both the state and federal courts geographically located in Los Angeles County. As such, this Court does not accept Plaintiff's argument that this case belongs in state court, and must reject it the forum selection clause to the extent it does not "clearly designate[] a particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    O

| Case No. | CV 08-4123 ODW(AGRx) | Date | August 20, 2008 |
|---|---|---|---|
| Title | 21st Capital Corp. v. 402 Design Group, LLC, et al. | | |

forum as the exclusive one." *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

**IV.    CONCLUSION**

    For the forgoing reasons, Plaintiff's motion to remand is DENIED.

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |